# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. F. JOSHUA LOUREIRO, JR., <br><br> Plaintiff, <br><br> v. <br><br> SANTORO, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-01599-AWI-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS <br><br> (ECF No. 16) <br><br> FOURTEEN (14) DAY DEADLINE |

Plaintiff Ronald W. F. Joshua Loureiro, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted Plaintiff leave to amend. Plaintiff's first amended complaint, filed on May 5, 2022, is currently before the Court for screening. (ECF No. 16.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted*); Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at North Kern State Prison ("NKSP") where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Kelly Santoro, Warden, (2) D. Drake, Correctional Counselor, (3) J. Jaime, Captain, (4) R. Phillpott, Lieutenant, (5) Z. Ellison, Sergeant, (6) A. Magallanes, Correctional Counselor, (7) Kathleen Allison, Secretary of California Department of Corrections and Rehabilitation ("CDCR"), (8) S. Jensen, Lieutenant, (9) M. Escobar, (10) E. Reynoso,  California Department of Corrections and Rehabilitation, (11) John Doe 1, California Correctional Peace Officers Association unition representative, (12) John Doe 2, Lieutenant.

Plaintiff is of Native American Indian/Mexican descent and was a life prisoner housed at North Kern State Prison, A Facility on 2/17/21.  In claim 1, Plaintiff alleges he was involved in an altercation with inmates D. Haley and R. Harden.  Immediately following the incident, all inmates involved were evaluated by medical staff and were cleared with no serious bodily injury. Defendant Ellison had all the inmates involved sign a CDC 128-B Informational Chrono that they and no safety or enemy concerns and could safely program and live with each other on A Facility.

Plaintiff was returned to his cell, but received a Rules Violation Report for the act of "fight."  (Logged #0000007065425, dated 2/25/21). The RVR was reviewed by defendant Ellison

and Jaime. Plaintiff was placed in Administrative Segregation as a result of a falsified CDC 128-C by Ellison and Jaime for an alleged "Battery on an inmate with serious bodily injury," for the incident on 2/17/21.

Plaintiff alleges that the union representative John Doe 1, and administrative personnel conspired to enforce a code of silence to protect wrongdoers, soliciting false reports, engaging in cover ups, etc.  A remedial plan from the *Madrid v. Gomez*, a Northern District case from special master John Hagar, was supposed to bring about reform but there is "administrative acquiescence and an official policy."

On 3/18/21, it was alleged that the victim sustained additional injuries from a prior unrelated incident; a bone fracture to the 7th and 8th rib which was unreported in the CDC 7219. Plaintiff stayed in administrative segregation pending adjudication of the RVR and referral to the District Attorney's office for prosecution. Defendants Santoro, Jaime, Phillpott, Ellison, Magallanes, and Drake were aware of Defendant Ellison and Jaime's ulterior motive for reclassifying the RVR as a Battery on an Inmate, which was for political reasons: "intent on meeting quotas for incidents of violence at the prison (for job security)." Changes to RVR classifications require due process and an audit.

Plaintiff alleges that pressures on the administration to meet quotas regarding the level of violence per institution compelled defendants Ellison and Jaime to falsify the report as to the victim's injuries attributing subsequent or prior injuries to Plaintiff.  They did so to bolster prosecution or meet quotas: "consummated by a code of silence enforced by the union resulting in supervisors and administrative personnel's unwillingness to retract it."  John Doe hearing officer, on or about 3/18/21, denied due process in the RVR proceeding by denying alleged victim witness questioning, determined by the hearing officer to be irrelevant "as to the alleged victim telling the administration his injured occurred the day prior 'while doing push-ups,' and ignoring evidence."  He ignored the accumulated evidenced by J.E.B. Cura, investigating the allegations and arbitrarily found Plaintiff guilty.  Plaintiff's conviction was affirmed and an audit not conducted, with defendant Magallanes arbitrarily recommending that Defendant Santoro, Jaime, Phillpott and Ellison assessed a 17-month SHU term.

Classification staff defendant Escobar and Reynoso enforced Plaintiff's SHU housing term on 3/19/21 and 5/5/21 without conducting an audit required by CCR 3341.9(d).  In Plaintiff's appeal, he alleged that he was wrongfully assessed a SHU term for Battery on an I name when the victims injuries were not accurately documented, and were from a previous incident.

In claim 2, Plaintiff seeks "Monell" liability based upon the same facts as claim 1.

As remedies, Plaintiff seeks compensatory damages, punitive damages.

### III.     Discussion

### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link all of the Defendants to each alleged constitutional violation.  Plaintiff appears to allege due process violations but fails to link all defendants.  As Plaintiff was previously informed, Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Plaintiff has failed to link Defendant Allison and Jensen to any claims.  Plaintiff has failed to cure this deficiency.

**B. Supervisor Liability**

Insofar as Plaintiff is attempting to sue any defendant based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**C. False Rules Violation Report**

It appears Plaintiff's main complaint is a Due Process violation for being falsely accused of improper conduct.

Prisoners do not have a liberty interest in being free from false accusations of misconduct.

5

The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports[ ]").

Thus, Plaintiff fails to state a claim against any Defendant for the purportedly false accusations.

Plaintiff also alleges that the false disciplinary report was referred to the District Attorney which declined to press criminal charges against Plaintiff. There is no constitutional violation where charges were declined. *Compare Chappell v. Bess*, 2012 WL 3276984, at *22 (E.D. Cal. Aug. 9, 2012) ("The court finds that plaintiff has alleged the deprivation of a cognizable liberty interest based on his allegations that, as a result of defendants' alleged fabrication of evidence, plaintiff was subjected to unwarranted disciplinary proceedings and criminal prosecution, and was retained in administrative segregation for more than two years, the latter, particularly if unwarranted, constituting an atypical and significant hardship ... in relation to the ordinary

incidents of prison life." (alteration in original) (citation and internal quotation marks omitted)).

### D. Disciplinary Hearing

Plaintiff also claims that he was not believed by the hearing officer and wrongly decided the rule violation report, which resulted in a wrongful detention in administrative segregation. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached ...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff complains that he was denied due process in the RVR proceeding by denying alleged victim witness questioning, determined by the hearing officer to be irrelevant.

To the extent Plaintiff complains of not having the best evidence, including witnesses, available, Plaintiff is not entitled to evidence if it will be unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 566 (explaining that witnesses may be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of necessity, or the hazards

presented in individual cases"). While allegations that prison officials refused to call a requested witness could potentially state a cognizable claim, *see Serrano v. Francis*, 345 F.3d 1071, 1079–80 (9th Cir. 2003), the right is not unlimited, *see Williams v. Thomas*, 492 F. App'x 732, 733 (9th Cir. 2012) ("Prisoners have a limited procedural due process right to call witnesses at disciplinary hearings so long as it will not be unduly hazardous to institutional safety or correctional goals.... Prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify."). Hearing officers may also deny a requested witness on grounds other than institutional safety. *Wolff*, 418 U.S. at 566 (explaining that witnesses may be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of necessity, or the hazards presented in individual cases").

Here, however, Plaintiff alleges that John Doe hearing officer failed to permit Plaintiff to question the victim, based on "relevancy" grounds, and not on any institutional safety grounds or time constraints. Plaintiff contends he intended to prove that any injuries to the victim occurred from a prior incident and not from the incident Plaintiff was alleged to have in engaged in with the victim. Liberally construing the allegations, Plaintiff states a Due Process violation against John Doe hearing officer, including for the consequences of the disciplinary hearing resulting in a SHU term from the alleged denial of Due Process.

### E. Monell Claim

Plaintiff asserts a "*Monell*" claim in claim 2. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, any state employed defendant in their official capacity or the state agency which employs them is immune from damages. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of

the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per *curiam); Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. *See Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.54 (1978).  Plaintiff cannot state a cognizable *Monell* claim against any defendant.

### F.  State Law Violations

Plaintiff alleges various violations of Title 15.

To the extent that purported defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See, e.g.*, *Nible v. Fink,* 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

///

### G. Unknown Defendant

The use of John Does in pleading practice is generally disfavored – but is not prohibited. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). However, Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given the " 'opportunity through discovery to identify the unknown (Doe) defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629 F.2d at 642). Once the identify of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. However, the court will recommend that any Doe defendant plaintiff fails to identify during the course of discovery be dismissed from this action.

### IV. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant John Doe hearing officer for denial of the Fourteenth Amendment's Due Process clause for the disciplinary hearing, on or about March 18, 2021, regarding the Rules Violation Report (Logged #0000007065425, dated 2/25/21) at North Kern State Prison. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants. Despite being provided the relevant pleading and legal standards, Plaintiff has been unable to cure deficiencies. Therefore, leave to amend should not be granted.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed May 5, 2022, (ECF No. 16), against Defendant John Doe hearing officer for denial of the Fourteenth Amendment's Due Process clause for the disciplinary hearing, on or about March 18, 2021, regarding the Rules Violation Report (Logged #0000007065425, dated 2/25/21) at North Kern State Prison; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 8, 2022**                     /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE