# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. F. JOSHUA LOUREIRO, JR., <br><br> Plaintiff, <br><br> v. <br><br> SANTORO, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-01599-AWI-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DOE DEFENDANT AND DISMISSAL OF ACTION <br><br> (ECF Nos. 20, 21) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ronald W. F. Joshua Loureiro, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant John Doe hearing officer for denial of due process in violation of the Fourteenth Amendment.

**I.   Background**

On September 12, 2022, the Court issued an order directing Plaintiff to file a motion to substitute the identity of Defendant John Doe that provided the Court with enough information to locate them for service of process.  (ECF No. 20.)  Plaintiff was warned that failure to comply with the Court's order would result in dismissal of the unidentified defendant from this action, without prejudice, for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.* at 2.)  Plaintiff's written notice identifying this defendant was due on or before December 14, 2022.

Following Plaintiff's failure to file a response or otherwise communicate with the Court, on January 9, 2023, the Court issued an order directing Plaintiff, within twenty-one (21) days, to file a motion to substitute the identify of Defendant John Doe that provides the Court with enough information to locate the defendant for service of process, or to show cause in writing why

Defendant John Doe should not be dismissed from this action for failure to prosecute. (ECF No. 21.) Plaintiff was warned that failure to comply with the Court's order would result in the dismissal of the unidentified defendant from this action for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m), and dismissal of this action, without prejudice, for failure to prosecute. (*Id.* at 2.)

The deadline for Plaintiff to respond to the Court's order has passed, and Plaintiff has failed to respond to the Court's order or otherwise communicate with the Court.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421–22.

Plaintiff has been granted multiple opportunities to provide sufficient information to identify Defendant John Doe so the United States Marshal may serve the summons and

complaint. Despite the Court's warning that failure to do so would result in dismissal of the Doe Defendant from this action, and closure of this action, Plaintiff has not complied with the Court's orders or otherwise communicate with the Court.

### III.     Conclusion and Recommendations

Plaintiff has failed to provide sufficient information to identify Defendant John Doe so the United States Marshal may serve the summons and complaint and failed to comply with Court orders. In addition, Plaintiff has failed to set forth good cause for his failure to identify Defendant John Doe, the only defendant remaining in this action.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Defendant John Doe be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); and
2. This action be dismissed, without prejudice, for failure to prosecute.

*  *  *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 16, 2023**              /s/ *Barbara A. McAuliffe*              
                                                    UNITED STATES MAGISTRATE JUDGE

3